## COMMONWEALTH *vs.* ANDREW H. FOSS.

The testimony of a town clerk, that no license to a certain person to keep and sell intoxicating liquors is recorded, as required by *St.* 1855, *c.* 215, § 8, is competent evidence against that person, without notice to him to produce his certificate of authority.

In an indictment on *St.* 1855, *c.* 405, § 1, an averment that the defendant kept a tenement "used for the illegal sale and illegal keeping of intoxicating liquors," is not bad for duplicity.

INDICTMENT on *St.* 1855, *c.* 405, § 1, for keeping and maintaining, at Charlestown, at a certain time, without having any license, appointment or authority to keep for sale or to sell intoxicating liquors, " a certain common nuisance, to wit, a tenement at the corner of Front Street and Warren Avenue in said Charlestown, then and there used for the illegal sale and illegal keeping of intoxicating liquors, to the great injury and common nuisance " &c.

At the trial in the court of common pleas in Middlesex at February term 1859, the district attorney, in order to prove that the defendant was not licensed, called the city clerk of Charlestown. The defendant objected to his testimony, and to the pro-

duction of the records of the mayor and aldermen, until the defendant should have had notice to produce the certificate which is provided for agents by § 8 of *St.* 1855, *c.* 215; and contended that as no such notice had been given to the defendant, no other evidence was competent. The court overruled the objection, and admitted the testimony.

The defendant asked the court to instruct the jury, "that no such offence as keeping a house for the ' illegal sale and keeping' of intoxicating liquors is known to the law, and that therefore no offence was set out in the indictment." The court refused so to instruct, and the defendant, being found guilty, alleged exceptions.

*J. Q. A. Griffin,* for the defendant. 1. Proof that the clerk had neglected to record a certificate is no proof that the defendant had no license. The record is required by the statute, not for proof against or in favor of the person licensed, but for the information of the county commissioners and others named in *St.* 1855, *c.* 215, § 8. The proposition sought to be proved related to the contents as well as the existence of the certificate supposed to have been granted ; and therefore the record of the clerk should not have been admitted, without notice to produce the original. The mischievous results of this method of proof would be best seen in a case in which a clerk should erroneously record the number or street in which a person should be licensed to sell ; and where the proof should be that he sold elsewhere. *Commonwealth* v. *Parker,* 2 Cush. 212. *St.* 1855, *c.* 215, § 8.

2. No such offence as that set forth in the indictment, to wit, keeping a house " for the illegal sale and keeping" of intoxicating liquors, is known to the law. *St.* 1855, *c.* 405, § 1. But if it is descriptive of any offence, it is descriptive of two offences, to wit, keeping a house for the illegal sale, and keeping a house for the illegal keeping ; selling and keeping being distinct offences. *St.* 1855, *c.* 215, §§ 3, 15, 17, 20, 21. 2 Mass. 163.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

Shaw, C. J. 1. The proof from town records was not secondary ; it was admissible without notice to the defendant to produce his certificate.

2. In a charge of a nuisance in violation of *St.* 1855, *c.* 405, § 1, an averment of keeping a tenement used for the illegal sale and keeping of intoxicating liquors is not bad for duplicity. *Commonwealth* v. *Kimball,* 7 Gray, 330. *Commonwealth* v *Kelley & France,* 7 Gray, 332, note. *Exceptions overruled.*